UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-182-HRW

HELEN POLAKVOS,                                                PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability, disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for a period of disability, disability insurance benefits and supplemental security income benefits on August 11, 2003 (Tr. 65-67), alleging disability beginning on August 7, 2003, due to fibromyalgia; back, neck, arm, shoulder and ankle pain; post traumatic stress order; and

depression. This application was denied initially and on reconsideration. On November 2, 2004, an administrative hearing was conducted by Administrative Law Judge Andrew Chwalibog (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 300-311). At the hearing, Melissa Glannon, a vocational expert (hereinafter "VE"), also testified (Tr. 312-315).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On April 6, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 14-25). Plaintiff was 39 years old on the alleged disability onset date (Tr. 23). She has a high school and college education (Tr. 23). Her past relevant work experience consists of work as a retail sales manager, writer, and store clerk (Tr. 23).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 24). The ALJ then determined, at Step 2, that Plaintiff suffered from low back and neck pain, fibromyalgia, depression and obesity, which he found to be "severe" within the meaning of the Regulations (Tr. 24). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24). In doing so, the ALJ specifically considered listings 1.00, 12.04, 12.07 and 12.08 (Tr. 18). The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 25) but determined that she has the residual functional capacity to perform a full range of light work, with certain limitations, as set forth in his decision (Tr. 25).The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 25). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

3

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 31, 2005 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that

4

would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

In her submissions to the Court [Docket Nos. 11 and 13], Plaintiff makes several superficial statements such as, "Dr. Short, Dr. Lance and Pathways considered her to be disabled" and "the claimant testified concerning pain." However, "'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997), quoting ----. Further, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'" *Id.*

Nonetheless, the Court has attempted to discern what arguments Plaintiff endeavors to make on appeal. Having reviewed Plaintiff's motion, the Court found the following claims of error: (1) the ALJ improperly discounted the opinion of Plaintiff's treating psychotherapist, Dr. Scott Lance; (2) the ALJ did not properly consider her bilateral ankle pain; and (3) the ALJ did not properly assess her credibility.

The first claim of error is that the ALJ improperly discounted the opinion of Plaintiff's treating psychotherapist, Dr. Scott Lance.

5

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

In this case, the ALJ discounted the severe restrictions suggested by Dr. Lance. In doing so, the ALJ noted that Dr. Lance's report was rendered more than seven months after he last saw the Plaintiff. Further, the record shows that his opinions are inconsistent with his own treatment notes, which indicate a positive response to medication. Finally, as the ALJ noted, Dr. Lance did not consider Plaintiff's alcohol use and its affect, if any, on her functioning. The ALJ stated, "the claimant has 2 DUI's in her history, which should be a signal to a therapist" (Tr. 17). The Court agrees. In addition, the ALJ found Dr. Lance's opinion to be at odds with the other medical evidence of record, specifically, the findings of three other psychologists- Dr. Eggerman, Dr. Sillers and Dr. Scher (Tr. 273-279, 190-210 and 211-218). The ALJ specifically noted that Dr. Eggerman

discussed Plaintiff's complete history in his assessment. Given the lack of supporting data, the inconsistencies with his own records, as well as the opinions of other medical sources, the Court finds that the ALJ did not err in discounting the assessment of Dr. Lance.

Plaintiff further contends that the ALJ did not properly consider her bilateral ankle pain. In his decision, the ALJ specifically discussed this complaint. He concludes that following surgery in January 2003, Plaintiff was found to be doing "great" (Tr. 16, 127, 164-180). As such, the Court finds Plaintiff's bald assertion to be without merit.

Finally, Plaintiff maintains that the ALJ did not properly assess her credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found that Plaintiff's statements concerning the intensity, duration and limiting effects of her symptoms were "not entirely credible" (Tr. 21). For example, the medical evidence of record reveals that despite her allegations of severe symptoms, Plaintiff has improved with treatment and medication (Tr. 174,

7

283-289). Plaintiff also engages in activity consistent with the ALJ's RFC, such as doing the laundry and cleaning the house. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

Given the inconsistencies between Plaintiff's allegations and the objective medical evidence, the Court finds no error in the ALJ's evaluation of Plaintiff's credibility. To the contrary, the ALJ's determination in this regard is supported by substantial evidence on the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This _17_ day of July, 2006.

Henry R. Wilhoit, Jr. Senior Judge

8